UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDERICK J. HEATH, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-00050-JMS-DML |
| WARDEN, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Frederick J. Heath for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC-17-01-0228 in which he was found guilty of possession of a dangerous and/or deadly weapon. For the reasons explained in this Entry, Mr. Heath's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B.     The Disciplinary Proceeding**

On January 30, 2017, Correctional Officer J. Garrison wrote a Report of Conduct that charged Mr. Heath with Class A offense 106, Possession of a Dangerous/Deadly Weapon. The Conduct Report stated:

> At approximately 3:05 P.M., I Officer J. Garrison was conducting a walkthrough of South Dorm E-Unit and as I walked past E3-04L I spotted a white laundry bag rolled up and laying on the ground directly under the bunk. I inspected the laundry bag and noted the presence of a solid object which upon further inspection revealed a length of metal approximately 5 inches in length with one end sharpened to a point and the other end wrapped in plastic and string. The laundry bag was marked as E4-06L. Offender Heath (#983366) was questioned about the laundry bag and improvised weapon to which he responded that he had no knowledge of the laundry bag being under his bed and that he did not know who would put it under his bunk.

Dkt. 8-1, (Exhibit A, Conduct Report). The weapon was confiscated and photographed. See dkt. 8-2 (Exhibit B, Notice of Confiscated Property) and 8-3 (Exhibit C, photograph of the weapon).

> The DOC's Disciplinary Code for Adult Offenders defines possession as follows:
>
> POSSESSION: On one's person, in one's quarters, in one's locker or under one's physical control.  For the purposes of these procedures, **offenders are presumed to be responsible for any property**, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are **under their control**. **Areas under an offender's control include**, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area**, bed and bedding materials in his/her housing assignment** and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

Dkt. 8-9 (Exhibit I, DOC Policy) (emphasis added).

Mr. Heath was notified of the charge on February 1, 2017, when he received the screening report. He plead not guilty to the charge. He did not request any witnesses or physical evidence.

A hearing was held on February 4, 2017. Mr. Heath's comment was recorded by the hearing officer as: "I didn't have no knowledge it was there I was at work. I was in there for probably 5

minutes after work when this happened, I was only in the dorm for 10 days when this was found."
Dkt. 1-6 (report of disciplinary hearing). Based on Mr. Heath's statement, the photograph, confiscation slip, and conduct report, the hearing officer found Mr. Heath guilty of possession of a dangerous and/or deadly weapon. The sanctions imposed included an earned credit time deprivation of 180 days, demotion from Credit Class 1 to Credit Class 2, and imposition of a sanction (90-day deprivation of credit time) from REF 16-10-0013. Dkt. 8-6 (Exhibit F, Report of Disciplinary Hearing).

Mr. Heath appealed to the Facility Head and the Indiana Department of Correction (DOC) Final Reviewing Authority. Both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Heath argues that he should not have been found guilty, because the weapon at issue was found in another inmate's laundry bag and neither the laundry bag nor the weapon inside the laundry bag belonged to him. This argument attacks the sufficiency of the evidence used to find Mr. Heath guilty.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*,

288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Heath's petition contends that his bed location was E3-4L, and the laundry bag was marked E4-6L, meaning the bag belonged to another offender. Mr. Heath argues that because he was living in an open dorm with eighty-two other inmates all of whom had access to his bed area 24 hours a day, 7 days a week, the weapon could have been placed there by any of those other inmates. But, the "some evidence" standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*.

The DOC's Disciplinary Code for Adult Offenders defines possession in relevant part as contraband that is located within areas of an inmate's housing unit that is under his control. The definition further provides that "[a]reas under an offender's control include, but are not limited to: . . . the offender's . . . bed and bedding materials in his/her housing assignment. . . ." Dkt. 8-9. Because the weapon was found under Heath's bunk, it was in an area that the DOC defines as within his control. Thus, even if 82 inmates were able to access the area under Mr. Heath's bunk, DOC policy states that Mr. Heath is presumed to have control over this area.

Under these circumstances there is some evidence that Mr. Heath possessed a dangerous and/or deadly weapon as that term is defined by the DOC. *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (holding that evidence showing a twenty-five percent chance of guilt

4

constitutes "some evidence" under the circumstances). *But see Austin v. Pazera*, 779 F.3d 437, 439 (7th Cir. 2015) ("[I]t seems odd, to say the least, that someone should be punished when there is an 80 percent probability that he is innocent.").

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Heath to the relief he seeks. Accordingly, Mr. Heath's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/13/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

FREDERICK J. HEATH
983366
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov